NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 21, 2014[*]
Decided October 22, 2014

**Before**

RICHARD A. POSNER, *Circuit Judge*

JOEL M. FLAUM, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 13-3807

| | |
|---|---|
| JOSHUA KASZUBA, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Northern District of Illinois, |
| | Eastern Division. |
| *v.* | |
| | No. 11 C 7631 |
| PARTHASARTH GHOSH, | |
| *Defendant-Appellee.* | Harry D. Leinenweber, |
| | *Judge.* |

**O R D E R**

Joshua Kaszuba, an Illinois inmate who developed a benign mass on his neck, appeals the grant of summary judgment against him in his lawsuit asserting deliberate

---

[*]After examining the parties' briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

indifference by Parthasarth Ghosh, the former medical director of the Stateville Correctional Center. *See* 42 U.S.C. § 1983. We affirm.

Kaszuba noticed a mass on his neck in 2008 while at Stateville. Over the next year he transferred to two other prisons where he also sought treatment for the mass, which was soft and approximately 3 cm by 2 cm. The medical director at Menard Correctional Center determined that the mass was probably a lipoma (a benign tumor composed of adipose fatty tissue). Kaszuba was transferred back to Stateville in late 2009 and was examined by a doctor about the mass. The doctor offered him pain medication, which Kaszuba declined, but did not give him other treatments. Kaszuba maintains that he made several requests to see Ghosh during this time by filing grievances, writing letters, and having friends and family call the prison.

After six months at Stateville, Kaszuba finally met with Ghosh, a licensed physician. Ghosh examined the mass and then referred Kaszuba for a consultation with an outside specialist, who in turn recommended a CT scan and noted that surgery would likely be needed. Ghosh authorized the scan, which Kaszuba received a month later, and based on the results Ghosh determined that Kaszuba did not require immediate surgery or further evaluation.

Four months later Kaszuba complained to Ghosh that the mass was causing him pain. Ghosh examined Kaszuba and noted that the mass was enlarged, so he again referred Kaszuba to an outside specialist. Based on that consultation, Ghosh approved Kaszuba for surgery, and three weeks later doctors removed the mass (which was confirmed to be benign). Around this same time Ghosh retired.

Kaszuba sued Ghosh and the medical directors of both Pontiac and Menard Correctional Centers, alleging that they violated the Eighth Amendment by deliberately disregarding his serious medical condition despite being aware of the risk of harm, causing him "extreme emotional and physical pain." The district court screened the complaint and dismissed Kaszuba's claims against the Pontiac and Menard medical directors as time-barred, but allowed the claim against Ghosh to proceed to discovery.

After further proceedings the court ultimately granted Ghosh's motion for summary judgment. The court noted that a genuine fact question existed about whether Kaszuba exhausted his administrative remedies, but went on to conclude that no rational jury could find that Ghosh was deliberately indifferent to Kaszuba's medical condition. The court found that Ghosh did not know about the lipoma until he first

examined Kaszuba (in April 2010), and so could not have been deliberately indifferent before that time; and Ghosh had provided adequate treatment after becoming involved in Kaszuba's care.

On appeal Kaszuba first argues that the district court erroneously concluded that Ghosh was not responsible for any delay in treatment because he did not know about the lipoma for six months. Ghosh must have known earlier about the mass, he contends, because he wrote to Ghosh, and had friends and family call on his behalf, begging Ghosh to evaluate the mass.

But as the district court properly explained, Kaszuba did not present evidence showing that Ghosh had actual knowledge of a risk to his health. *See Farmer v. Brennan*, 511 U.S. 825, 829 (1994); *Gayton v. McCoy*, 593 F.3d 610, 620 (7th Cir. 2010). Kaszuba did not produce, for examples, copies of the letters he wrote to Ghosh about his condition. An affidavit shows that a friend did call the prison about Kaszuba's condition, and requested medical assistance for him, but states that she did not actually talk to Ghosh, just other "medical staff." And although Kaszuba submitted a declaration asserting that he spoke to Ghosh during his first six months at Stateville, he does not specify the contents of that conversation. Also, to the extent Kaszuba thinks that Ghosh in his capacity as medical director should be personally responsible for patient care, the evidence does not support an inference that Ghosh condoned any unconstitutional practice by other prison employees. *See Minix v. Canarecci*, 597 F.3d 824, 833–34 (7th Cir. 2010).

Next Kaszuba argues that the district court wrongly determined that he was adequately treated by Ghosh, because Ghosh's year-long delay in scheduling an operation caused him unnecessary pain. But we agree with the district court that Kaszuba's claim shows at most a disagreement over the choice of treatment, not its constitutional inadequacy. *See Budd v. Motley*, 711 F.3d 840, 844 (7th Cir. 2013) (affirming dismissal of deliberate-indifference claim because plaintiff, although dissatisfied with treatment, "received medical attention, medication, testing, and ongoing observation"). The district court also correctly explained that the evidence of isolated incidents of delay did not rise to the level of deliberate indifference. *See Gutierrez v. Peters*, 111 F.3d 1364, 1375 (7th Cir. 1997) (affirming dismissal of deliberate-indifference claim because prison physician provided almost continuous care despite some isolated delays). The evidence here shows that Ghosh evaluated Kaszuba multiple times, sent him for consultations with specialists and for a CT scan, prescribed pain medication, and

eventually approved surgery to remove the mass after he complained it was enlarging and causing him pain.

                                                                                                          AFFIRMED.